**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Maria Bolanos, Sergio Ortega, Eder Gama, Angel A. Bolanos, Sebastian Gama, on behalf of themselves and all other similarly situated persons, known and unknown, Plaintiff, v. Midwest Maintenance Group, Inc., Premier Cleaning Group, Inc., Soldra Cleaning Services, Inc., Marla Grundhoefer, and Szczepan Jozef Soldra, individually, Defendants. | |

## COMPLAINT

NOW COME Maria Bolanos, Sergio Ortega, Eder Gama, Angel A. Bolanos, and Sebastian Gama, on behalf of themsevles and all other similarly situated persons, known and unknown ("Plaintiffs"), through counsel, and for their Complaint against Midwest Maintenance Group, Inc., Premier Cleaning Group, Inc., Soldra Cleaning Services, Inc., Marla Grundhoefer, and Szczepan Jozef Soldra, individually, (collectively, "Defendants"), state:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Defendants' unlawful compensation practices have denied Plaintiffs and other similarly situated persons their earned and living wages.

3. Plaintiffs bring Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiffs' Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES

### Plaintiffs

6. Plaintiffs were employed by Defendants in Kane County, Illinois, which is in this judicial district.

7. Plaintiffs worked for Defendants' cleaning businesses and were assigned to clean a Woodman's Market located at 2100 Randall Road, Carpentersville, Illinois.

8. Plaintiffs Maria Bolanos, Sergio Ortega, and Angel A. Bolanos have been working for Defendants since 2007.

9. Plaintiff Sebastian Gama has been working for Defendants since 2008.

10. Plaintiff Eder Gama has been working for Defendants since February 2012.

11. During the course of their employment, Plaintiffs were involved in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq*.

**Defendants**

12. Defendant Midwest Maintenance Group, Inc. is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

13. Defendant Midwest Maintenance Group, Inc. has had two or more employees involved in interstate commerce.

14. Defendant Midwest Maintenance Group, Inc. is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Defendant Premier Cleaning Group, Inc. is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

16. Defendant Midwest Maintenance Group, Inc. has had two or more employees involved in interstate commerce.

17. Defendant Midwest Maintenance Group, Inc. is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

18. Defendant Soldra Cleaning Services, Inc. is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. Defendant Soldra Cleaning Services, Inc. has had two or more employees involved in interstate commerce.

20. Defendant Soldra Cleaning Services, Inc. is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

21. Defendant Marla Grundhoefer is the President of Midwest Maintenance Group, Inc. and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

22. Defendant Marla Grundhoefer is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

23. Upon information and belief, Defendant Marla Grundhoefer resides and is domiciled in this judicial district.

24. Defendant Szczepan Jozef Soldra is the President of Midwest Maintenance Group, Inc. and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

25. Defendant Szczepan Jozef Soldra is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

26. Upon information and belief, Defendant Szczepan Jozef Soldra resides and is domiciled in this judicial district.

## FACTS

27. Plaintiffs work for Defendants as maintenance workers.

28. Plaintiffs work as directed by Defendants, but are not paid proper overtime wages for time worked in excess of forty (40) hours.

29. Defendants direct Plaintiffs to work, and Plaintiffs do work, in excess of forty (40) hours in a work week.

30. Plaintiffs have a regular thirty (30) minute lunch break.

31. Plaintiffs are deliberately incorrectly classified as salaried employees.

32. Plaintiffs Maria Bolanos, Eder Gama, and Sebastian Gama are paid $1,050.00 bi-monthly.

33. Plaintiff Sergio Ortega is paid $1,200.00 bi-monthly.

34. Plaintiff Angel A. Bolanos is paid $1,150.00 bi-monthly.

35. Defendants pay Plaintiffs their regular, straight-time hourly rate for each hour that Plaintiffs work, including hours worked in excess of forty (40) hours in a work week.

36. Defendants pay Plaintiffs via check for all hours worked, including all hours worked in excess of forty (40) hours in a workweek.

37. Neither Plaintiffs nor the class members are exempt from the overtime provisions of the FLSA or the IMWL.

38. Despite the fact that Defendants are aware that Plaintiffs and others similarly situated are working in excess of forty (40) hours per week, Defendants willfully failed and refused to pay Plaintiffs and others similarly situated overtime wages at a rate of one and one-half times their hourly rate of pay.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

39. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

40. Plaintiffs and the members of the class are directed by Defendants to work, and do so work, in excess of forty (40) hours per week.

41. Defendants do not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

42. Defendants do not compensate Plaintiffs or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

43. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

44. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

45. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

46. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

47. Defendants direct Plaintiffs to work, and Plaintiffs do work in excess of forty (40) hours in individual work weeks.

48. Plaintiffs are entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

49. Defendants do not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

50. Defendants violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

51. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

E. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**/s/ Raisa Alicea**
CONSUMER LAW GROUP, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
312-800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys